IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| URSULA MOFFITT and KRISTEN WHITE, on behalf of themselves and all other similarly situated individuals, | )<br>)<br>)<br>) |
| | ) Case No. 23-cv-1059-RJD |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| RCI DINING SERVICES (HARVEY), INC., | )<br>) |
| Defendant. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiffs' Motion for Notice to Potential Plaintiffs and for Conditional Certification (Docs. 11 and 12). Defendant filed a Response (Doc. 26) and Plaintiffs filed a Reply (Doc. 29). As explained further, Plaintiffs' Motion is Denied Without Prejudice.

**Background**

Plaintiffs Moffitt and White, on behalf of themselves and all other similarly situated individuals, filed this suit against Defendant RCI Dining Services (Harvey), Inc., d/b/a Scarlett's Cabaret St. Louis. Plaintiffs allege that Defendant employed them and other current and former exotic dancers to work at Scarlett's Cabaret St. Louis in Washington Park, Illinois from April 2020-April 2023; Plaintiffs contend that Defendant misclassified them as non-employee contractors and therefore failed to compensate them pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiffs now move for conditional certification of the collective "to include all

individuals that worked or performed as exotic dancers for, at, or in Defendant's Scarlett's Cabaret St. Louis during the period of April 2020 through the present." Defendants object, citing a contract between Plaintiffs and Defendant that contained a collective action waiver.

## Discussion

The Seventh Circuit has not expressly determined a standard for conditional certification in FLSA collective actions. District courts within this Circuit generally consider "whether the plaintiff and members of the proposed class are similarly situated enough to allow notice to be sent to prospective plaintiffs." *Iannotti v. Wood Group Mustang*, 603 F. Supp. 3d 649, 653 (S.D. Ill. 2022) (collecting cases). Conditional certification is typically granted if pleadings and affidavits submitted by the plaintiffs reflect a "'minimal showing' or 'modest factual showing'" that members of the collective are similarly situated. *Id*. Potential members of the collective then receive notice of the suit and may "opt-in." *Id*. at 654. After the parties have had the opportunity to conduct substantial discovery, the defendant typically moves to de-certify the class and the Court conducts a rigorous analysis of whether the members are similarly situated. *Id*.

Here, Plaintiffs' affidavits list multiple ways in which (they contend) Defendant treated them and at least 100 other exotic dancers as employees (as opposed to independent contractors), and then failed to pay them direct wages for hours worked at or above the federal minimum wage rate. Defendant does not dispute the truthfulness of Plaintiffs' affidavits. Instead, Defendant contends that a collective action cannot be maintained because Plaintiffs Moffit and White (and all others similarly situated) signed an "Entertainer License Agreement" ("ELA") which contained the following provisions:

> 15. ARBITRATION
>
> The parties agree that, except as otherwise provided herein, pursuant

> to the Federal Arbitration Act (the "FAA"), any and all disputes between [Plaintiffs and Defendant"] will be subject to binding arbitration governed and settled by an impartial independent appointed by the American Arbitration Association, Illinois branch.
>
> *******************************************************
>
> <u>THE PARTIES WAIVE ANY RIGHT TO LITIGATE SUCH CONTROVERSIES, DISPUTES, OR CLAIMS IN A COURT OF LAW, AND WAIVE THE RIGHT TO TRIAL BY JURY.</u>
>
> *******************************************************
>
> <u>THE PARTIES UNDERSTAND AND ACKNOWLEDGE THAT BY SIGNING THIS AGREEMENT THEY SPECIFICALLY WAIVE ANY RIGHT TO PARTICIPATE IN ANY CLASS ACTION OR COLLECTIVE ACTION AS AGAINST THE OTHER PARTY</u> AND IF AT ANY TIME LICENSEE IS DEEMED A MEMBER OF ANY CLASS CREATED BY ANY COURT, ARBITRATOR, OR ANY OTHER TRIBUNAL, SHE WILL "OPT OUT" OF SUCH CLASS AT THE FIRST OPPORTUNITY, AND SHOULD ANY THIRD PARTY PURSUE ANY CLAIMS ON HER BEHALF LICENSEE SHALL WAIVE HER RIGHTS TO ANY SUCH MONETARY RECOVERY.
>
> *******************************************************
>
> 16. <u>MISCELLANEOUS</u>
>
> ….If any provision of this Agreement or the application thereof to any person or circumstance shall, for any reason and to the extent, be invalid or unenforceable, the remainder of this Agreement and the application of such provision to the other person or circumstances shall not be affected thereby, but rather shall be enforced to the greatest extent permitted by law.

Doc. 12-5, pp. 6-9.

Defendant reasons that if the Court conditionally certifies the collective, and permits Plaintiffs to send notice to the other similarly situated employees, the Court will be "signaling approval of the merits" and "otherwise stir[ring] up litigation" for a (Defendant contends) meritless claim that is barred for all potential members by the collective waiver in the ELA.  Defendant's

reasoning emulates the observations and findings by the Seventh Circuit Court of Appeals' decision in *Bigger v. Facebook, Inc.*:

> But collective actions also present dangers. One is the opportunity for abuse of the collective action device: plaintiffs may wield the collective action format for settlement leverage. Generally speaking, expanding the litigation with additional plaintiffs increases pressure to settle, no matter the action's merits. A related danger is that notice giving, in certain circumstances, may become indistinguishable from the solicitation of claims- which is a process "distinguishable in form and function" from court intervention in the notice process for case management purposes.

947 F.3d 1043, 1049-50 (7th Cir. 2020), *citing Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 171-174 (1989). In *Bigger*, an employee filed a putative collective action under the FLSA, alleging that Facebook, Inc. improperly classified her position as exempt from overtime. *Id.* at 1047. Defendant Facebook, Inc. argued that authorizing notice to the proposed members of the collective was improper because they had all entered into mutual arbitration agreements with Facebook that precluded a collective action. *Id.* The Seventh Circuit agreed and set a procedure for district courts to follow under these circumstances. *Id.* at 1050.

Before discussing that procedure, however, there is a striking difference between *Bigger* and the instant case. According to their affidavits, Plaintiffs Moffitt and White initiated the arbitration process regarding Defendant's alleged FLSA violations, but Defendant refused to pay its portion of the arbitration fee. Plaintiffs' Arbitration Complaints were dismissed and AAA declared "that it would decline to administer any further employment matters involving [Defendant] and directed [Defendant] to remove AAA from its arbitration agreements." Defendant does not expressly dispute that these events occurred, but claims that "the parties [made a] decision not to arbitrate."

Under Illinois law (and the parties agree that Illinois substantive law regarding contracts

applies to the ELA), it is well-settled that "a party who materially breaches a contract cannot take advantage of the terms of the contract that benefit him." *MHM Svcs., Inc. v. Assurance Co. of America*, 2012 IL App (1st) 112171, ¶48 (*quoting James v. Lifeline Mobile Medics*, 341 Ill. App.3d 451, 455 (1st Dist. 2003); *see also PML Development LLC v. Village of Hawthorn Woods*, 2023 IL 128770, ¶50. Defendant claims that regardless of its "decision not to arbitrate," the "severability clause" allows it to enforce the collective waiver. The "severability clause" to which Defendant refers simply states that if one part of the ELA is "invalid or unenforceable", then the rest of the ELA shall remain in effect. The record does not necessarily reflect that the arbitration provision is "invalid or unenforceable" because of Defendant's "decision not to arbitrate." Instead, it appears that Plaintiffs have a reasonable argument that they are no longer bound to the ELA.

As Plaintiffs noted in their Reply, they were limited in their ability to address Defendant's collective waiver argument because it was raised in response to their Motion for Conditional Certification. Defendant cites to orders from district courts in Texas, Pennsylvania, and Florida that denied Motions for Conditional Certification based on collective waivers, and the Court has considered those Orders. In those cases, it appears that there was no question that the collective waivers were enforceable.

In this case, however, it is not clear whether the ELA's collective waiver is enforceable against proposed members of the collective (or Plaintiffs Moffitt and White). The undersigned cannot find that Plaintiffs Moffitt and White are similarly situated to the other proposed members without knowing against which individuals (if any) Defendant can enforce the collective action waiver. *Bigger*, 947 F.3d at 1049-50. The following procedure must be followed in putative collective actions where the defendant asserts that mutual arbitration agreements prohibit the district court from sending notice to potential class members, and the plaintiffs claim that the

arbitration agreements are not valid:

> [B]efore authorizing notice to the alleged "arbitration employees"— the Court must permit the parties to submit additional evidence on the agreements' existence and validity. The employer seeking to exclude employees from receiving notice has the burden to show, by a preponderance of the evidence, the existence of a valid arbitration agreement for each employee it seeks to exclude from receiving notice. The Court may not authorize notice to any employee whom the employer shows entered a valid arbitration agreement, unless the record reveals that nothing in the agreement would prohibit that employee from participating in that action. To be clear, if the employer does not prove that an employee entered a valid arbitration agreement, then the court may authorize notice to that employee—granted of course, that the employee is otherwise an appropriate notice recipient.

*Id.* at 1050.

Here, the collective action waiver relied upon by Defendant is found within a mutual arbitration agreement. Defendant apparently has no interest in enforcing or complying with the arbitration provision, preferring that the individual Plaintiffs file individual claims in court against it. Regardless, because Defendant contends that this Court should not authorize notice because of the collective waiver, and because the collective waiver is found within a mutual arbitration agreement, it is appropriate for this Court to follow the procedure outlined by the Seventh Circuit in *Bigger*.

Plaintiffs' Motion for Conditional Certification is DENIED WITHOUT PREJUDICE pending resolution of the collective action waiver issue. On or before May 9, 2024, the parties SHALL MEET AND CONFER and submit a proposed scheduling order to RJDpd@ilsd.uscourts.gov regarding the deadlines for disclosure and discovery of the purported arbitration agreements containing the class action waiver. A template for the proposed scheduling order is attached to this Order. All the discovery, disclosures, and related procedures must be

completed by October 1, 2024.  The Court will hold a status conference on October 8, 2024 at 9:30 a.m. to discuss the most efficient way for the parties to present their evidence regarding the mutual arbitration agreements and collective waivers to the Court.

In their Reply to Defendant's Response to the Motion for Conditional Certification, Plaintiffs made legal arguments against the enforcement of the collective action waiver, considering that it is found within the arbitration agreement and Defendant failed to comply with their arbitration agreements.  Defendant did not have the opportunity to address those arguments because this district prohibits the filing of sur-replies.  At any time prior to August 1, 2024, Plaintiffs may file a brief that contains their legal arguments regarding the enforceability of the collective action waivers.  Within 30 days, Defendant may file a response brief.

**IT IS SO ORDERED.**

**DATED:   May 2, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**