IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| URSULA MOFFITT and KRISTEN WHITE, on behalf of themselves and all other similarly situated individuals, | ) ) ) ) ) |  |
|  | ) | Case No. 23-cv-1059-RJD |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| RCI DINING SERVICES (HARVEY), INC., | ) ) |  |
| Defendant. | ) |  |

## ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendant's Motion for Reconsideration.   Doc. 40.
Plaintiff filed a Response (Doc. 41).   Defendant's Motion is DENIED.

Plaintiffs Moffitt and White, on behalf of themselves and all other similarly situated
individuals, filed this suit against Defendant RCI Dining Services (Harvey), Inc., d/b/a Scarlett's
Cabaret St. Louis.   Plaintiffs allege that Defendant employed them and other current and former
exotic dancers to work at Scarlett's Cabaret St. Louis in Washington Park, Illinois from April
2020-April 2023; Plaintiffs contend that Defendant misclassified them as non-employee
contractors and failed to compensate them pursuant to the Fair Labor Standards Act ("FLSA").
Plaintiffs moved for conditional certification of the collective "to include all individuals that
worked or performed as exotic dancers for, at, or in Defendant's Scarlett's Cabaret St. Louis during
the period of April 2020 through the present."   Defendant objected, citing a contract ("Entertainer
License Agreement" or "ELA") between Plaintiffs and Defendant that contained an arbitration

agreement and collective action waiver.   Defendant does not contend that the arbitration agreement should be enforced-only the collective action waiver.   The undersigned denied the Motion for Conditional Certification without prejudice, finding that notice should not be sent to dancers who signed a valid, enforceable collective action waiver and relying upon the Seventh Circuit's decision in *Bigger v. Facebook, Inc*. which involved a similar arbitration agreement (though a collective action waiver was not at issue):

> [B]efore authorizing notice to the alleged "arbitration employees"— the Court must permit the parties to submit additional evidence on the agreements' existence and validity.   **The employer seeking to exclude employees from receiving notice has the burden to show, by a preponderance of the evidence, the existence of a valid arbitration agreement for each employee it seeks to exclude from receiving notice.**   The Court may not authorize notice to any employee whom the employer shows entered a valid arbitration agreement, unless the record reveals that nothing in the agreement would prohibit that employee from participating in that action. To be clear, if the employer does not prove that an employee entered a valid arbitration agreement, then the court may authorize notice to that employee—granted of course, that the employee is otherwise an appropriate notice recipient.

947 F.3d 1043, 1049-50 (7th Cir. 2020) (emphasis added).

However, the Court also noted that in this case, the parties' briefings reflected Plaintiffs Moffitt and White first attempted to arbitrate their claims pursuant to the terms of the ELA, but Defendant refused.   Illinois law provides that "a party who materially breaches a contract cannot take advantage of the terms of the contract that benefit him."   *MHM Svcs., Inc. v. Assurance Co. of America*, 2012 IL App (1st) 112171, ¶48 (*quoting James v. Lifeline Mobile Medics*, 341 Ill. App.3d 451, 455 (1st Dist. 2003); *see also PML Development LLC v. Village of Hawthorn Woods*, 2023 IL 128770, ¶50.   The undersigned noted that the collective action waiver in the ELA may not be enforceable (against Plaintiffs and/or other potential collective members) if Defendant

breached the ELA by refusing to participate in arbitration.

The parties were ordered to propose dates for a scheduling order related to the disclosure of the agreements between Defendant and "all individuals that worked or performed as exotic dancers for, at, or in Defendant's Scarlett's Cabaret St. Louis during the period of April 2020 through the present" that contain a mutual arbitration agreement and/or a collective action waiver.[1] The scheduling order allowed for discovery of information that would allow the parties to brief the Court on whether the collective action waiver(s) are enforceable.   Defendant filed the instant Motion to Reconsider, contending the disclosure of the agreements would involve disclosure of the identity of individuals who work(ed) as dancers at Scarlett's Cabaret.   Defendant avers that these disclosures would "have a devastating effect on the club's operations, because performers would have no confidence that their identity and the fact that they participated in exotic dancing would be kept private and would fear disclosure to their family members or significant others…dancers would choose not to perform at Scarlett's rather than risk this information being shared with others without their consent."   Doc. 40-3, p.3.

Defendant's argument is not persuasive.   The Court recognizes that potential members of the collective may not want their identities revealed, but there is a simple remedy to that solution. Federal Rule of Civil Procedure 26(c) allows the Court to "issue an order to protect a party or person from annoyance, embarrassment, oppression."   For example, in *Bigger*, the district court carried out the Seventh Circuit's instructions by ordering the defendant to produce the arbitration agreements to Plaintiffs' counsel, but also ordering Plaintiffs' counsel to have no contact with

---

[1] Defendant posits that the undersigned did not "expressly" order it to produce the ELAs but instead was "enabling discovery" and "facilitating the process."   Doc. 40, p. 8.   These statements are nonsensical.   The parties were allowed to propose dates by which Defendant had to produce the agreements, but the production was not optional. To prove the existence of a written agreement that contains an enforceable collective action waiver, the written agreements must be produced.

potential members who had signed the agreements until further notice by the Court.   *Bigger v. Facebook, Inc.,* Case No. 17-c-7753, (N. D. Ill. Jun. 2, 2020).    Of course, a protective order in this case may be more restrictive.

Instead of proposing terms for a protective order, however, Defendant then argues that "precedent demonstrates that Defendant never waived the arbitration clause or the collective action waiver."   Defendant claims that a recent Second Circuit Court of Appeals opinion "held that the arbitration and class action waivers…were enforceable and not waived by [the Defendant's] refusal to pay the AAA's fee schedule."[2]   Defendant then explains that it did not refuse to arbitrate, it simply refused to pay the "heavy-handed" fees charged by AAA (the parties' arbitrator, as identified in the ELA).   This argument misconstrues the Order, which did not find that Defendant waived the arbitration agreement and/or the prohibition against collective actions.   The issue presented in Plaintiffs' Motion for Conditional Certification was whether to send notice to members of the collective.   The Seventh Circuit has determined a process to follow when deciding this issue, considering that there are contractual agreements that may prohibit potential members from joining the collective.   The undersigned intends to follow that process.    Defendant's Motion for Reconsideration is DENIED.

If Defendant intends to seek a protective order pursuant to Federal Rule of Civil Procedure 26(c) regarding written agreements between itself and "all individuals that worked or performed as exotic dancers for, at, or in Defendant's Scarlett's Cabaret St. Louis during the period of April

---

[2]  In the recent Court of Appeals opinion cited by Defendant, the Second Circuit's consideration was limited to finding that the employer defendant did not "act[] so inconsistently with its arbitration right as to have waived arbitration" and the district court "improperly lifted the stay [for arbitration] to the benefit of the party that refused to comply with the express terms of the ELAs."   *Brown v. Peregrine Enterprises, Inc.*, 2024 WL 8800728, *4 (2d. Cir. 2023).   Here, it is unclear which party first failed to comply with an express term of the ELAs, and Defendant is not asking the Court to compel arbitration and/or stay this proceeding.

2020 through the present" that contain a mutual arbitration agreement and/or a collective action waiver, it shall prepare a proposed protective order and meet with counsel for Plaintiffs regarding the order on or before July 9, 2024.   Defendant shall file a motion and also submit the proposed protective order to RJDpd@ilsd.uscourts.gov on or before July 12, 2024.   If Plaintiffs have objections to Defendant's proposed order, they shall file a Response to the Motion for Protective Order and submit their own proposed order to RJDpd@ilsd.uscourts.gov on or before July 19, 2024.

On or before July 16, 2024, counsel for the parties shall meet and confer to prepare a joint scheduling order that contains the following deadlines:

1. On or before _____, Defendant shall provide to Plaintiff any and all written agreements between itself and "all individuals that worked or performed as exotic dancers for, at, or in Defendant's Scarlett's Cabaret St. Louis during the period of April 2020 through the present" that contain a mutual arbitration agreement and/or a collective action waiver and shall disclose all evidence it intends to use to establish that the agreements/waivers are enforceable.

2. On or before _____, Plaintiffs shall send any discovery requests that are related to the issue of collective action waivers and mutual arbitration agreements to Defendant. Defendant shall make any objections to Plaintiffs' discovery requests on or before _____.   The parties shall meet and confer regarding objections to Plaintiffs' discovery requests on or before _____.   After the meet and confer session (if any), and no later than _____, the parties shall contact Judge Daly's chambers to request a discovery dispute conference (if necessary) regarding Defendant's objections.

3. On or before _____, Plaintiffs shall disclose to Defendant any evidence they intend to use to show that any mutual arbitration agreements or collective actions waivers are not enforceable.

4. On or before _____, Defendant shall send any discovery requests that are related to the issue of collective action waivers and mutual arbitration agreements to Plaintiffs.  Plaintiffs shall make any objections to Defendant's discovery requests on or before _____.  The parties shall meet and confer regarding objections to Plaintiffs' discovery requests on or before _____.  After the meet and confer session (if any), and no later than _____, the parties shall contact Judge Daly's chambers to request a discovery dispute conference (if necessary) regarding Plaintiff's objections.

The completed scheduling order should be emailed to RJDpd@ilsd.uscourts.gov. All the above discovery, disclosures, and procedures must be completed by December 9, 2024.  The Court will hold a status conference on December 12, 2024 at 9:30 a.m. to discuss the most efficient way for the parties to present their evidence regarding the mutual arbitration agreements and collective waivers to the Court.  The status conference previously set for October 8, 2024 is CANCELLED.

At any time prior to December 9, 2024, Plaintiffs may file a brief that contains their legal arguments regarding the enforceability of the collective action waivers.  Within 30 days, Defendant may file a response brief.

**IT IS SO ORDERED.**

**DATED:   June 25, 2024**

_s/_ _Reona J. Daly_
**Hon. Reona J. Daly**
**United States Magistrate Judge**